6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James B. EVANS, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 93-3174.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1993.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 COWEN, Senior Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the December 23, 1992 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SF0752920649-I-1. The Board upheld the determination of the administrative judge who sustained the removal of James B. Evans from his position of electrician, WG-10, in the Long Beach Shipyard of the Department of the Navy. We reverse and remand.
 
 DISCUSSION
 
 2
 * The underlying material facts are not in dispute. On May 18, 1990, Mr. Evans was, as reported in a Line of Duty Determination by the Air Force, injured while performing duties with the National Guard at Tinker Air Force Base, Oklahoma. He was returned to his regular position as electrician in the Long Beach Naval Shipyard, but as a result of the injury, he was placed on light duty on September 25, 1990, with restrictions that precluded him from lifting over five pounds. On October 12, 1990, the Navy issued a notice proposing that he be placed on enforced leave as of December 15, 1990, because of his inability to perform his duties as a result of medical limitations. The notice stated that he would be placed in a non-pay status for an indefinite period if there were no light duty positions available to which he could be assigned. The notice further stated that if he was unable to return to full duty within six months, an additional job search would be conducted, but that if no position could be found that would accommodate his medical restrictions, a proposal for his separation from employment for disability reasons would be issued. Mr. Evans timely appealed and the parties reached a settlement which was set forth in the following decision of the administrative judge, issued March 20, 1991:
 
 
 3
 (1) The appellant's placement on enforced leave, effective Dec. 15, 1990, will continue until he demonstrates that he is fit for duty. When the appellant presents medical evidence from his own physician that he is fit for duty, the enforced leave will terminate.
 
 
 4
 (2) The appellant hereby withdraws his pending appeal.
 
 
 5
 The Navy conducted a job search to determine if there were any jobs available that would accommodate Mr. Evans' physical disability. The search was limited to two departments in the shipyard. It was reported that there were no jobs available that met Mr. Evans' restrictions. Effective April 20, 1992, he was removed from his position on the ground that his physical disability prevented him from performing the full range of an electrician's duties. His appeal to the MSPB was denied by the administrative judge, who affirmed the agency's action in an initial decision of September 3, 1992. Mr. Evans' timely petition for review of the initial decision was denied by the full Board on December 23, 1992.
 
 II
 
 6
 The principal issue to be decided by the court is raised by Mr. Evans' brief to the administrative judge and in his petition for review by the full Board. He contended the Navy had committed harmful procedural error by failing to comply with the provisions of 38 U.S.C. Sec. 2024(d) (1988). As previously stated, the Navy's job search was limited to two departments in the shipyard; he argued that the statute requires an agency-wide search.
 
 
 7
 Section 2024 is a part of the Veteran's Reemployment Rights Act. It is entitled "Rights of Persons Who Enlist or are called to Active Duty; Reserves," and provides in pertinent part as follows:[1]
 
 
 8
 If an employee covered by this subsection is not qualified to perform the duties of such employee's position by reason of disability sustained during active duty for training or inactive duty training, but is qualified to perform the duties of any other position in the employ of the employer or such employer's successor in interest, such employee shall be offered employment and, if such person so requests, be employed by that employer or such employer's successor in interest in such other position the duties of which such employee is qualified to perform as will provide such employee like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in such employee's case.
 
 38 U.S.C.A. Sec. 4304(d) (West Supp.1993)
 
 9
 The Veteran's Reemployment Right's Act has been implemented by regulations promulgated by the Office of Personnel Management (OPM), 5 C.F.R. Part 353 Sub-part C. Section 353.302, entitled "Physical disqualification," provides:
 
 
 10
 Sec. 353.302 Physical disqualification.
 
 
 11
 An individual who is physically disqualified for the former position or equivalent because of disability sustained during military service or because of compensable injury shall be placed in the agency in another position for which qualified that will provide the employee with the same seniority, status, and pay, or the nearest approximation consistent with the circumstances in each case. For an employee who sustains a compensable injury, this right applies for a period of 1 year from the date compensation begins.
 
 5 C.F.R. Sec. 353.302 (1993)
 
 12
 OPM has also provided official guidance to agencies concerning their obligation under the Veteran's Reemployment Right's Act to restore a former employee returning from military duty. The Federal Personnel Manual (FPM) Ch. 353, Subch. 1-3c(2) (February 24, 1988) regarding former employees disabled during military service provides:
 
 
 13
 (2) Physically disqualified. If not qualified to perform the duties of the former position by reason of a disability sustained during military service, the individual is entitled to be restored to any other position for which qualified that most closely approximates the seniority, status, and pay to which he or she would otherwise have been entitled, consistent with the circumstances in each case. This restoration right, too is agencywide, with first priority in the commuting area the employee left.
 
 
 14
 In Moore v. United States Postal Service, 33 M.S.P.R. 77, 81 (1978), the Board, in construing a substantially similar provision in the March 6, 1978 version of the FPM, stated:
 
 
 15
 The Board has construed this FPM provision as requiring that, unless the parties agree otherwise, the agency must restore a qualifying employee returning from military duty at the facility that last employed him in his former position or, if that position is not available, to a position of like seniority, status, and pay, or if such equivalent position is not available, then to the next best available position for which he is qualified.
 
 
 16
 See also Britton v. Department of Agric., 23 M.S.P.R. 170, 172 (1984).
 
 
 17
 The Board has also held that in personnel actions involving the Navy, the term "agency" as used in the regulations means the "Department of the Navy." See Brown v. Department of Navy, 53 M.S.P.R. 537 (1992).
 
 III
 
 18
 The administrative judge found that Mr. Evans had failed to establish that the agency had committed procedural error by failing to comply with the provisions of Section 2024. This conclusion was based on the finding that after Mr. Evans was injured while on military duty the agency returned him to his civilian position and assigned him to that position for two years before his removal. The findings and conclusions of the administrative judge completely overlook the principal issue. There is no dispute that after he was injured on military duty, Mr. Evans was restored to his position in the shipyard and placed on light duty; that he was placed on enforced leave without pay on December 15, 1990, and that he remained in that status until he was removed from his position. The harmful procedural error in this case was the Navy's failure to comply with the statute and the regulations by limiting the search for another position for which Mr. Evans could qualify to two departments in the shipyard. Consequently, we conclude that the findings and conclusions of the administrative judge are not supported by substantial evidence and that they are in conflict with Section 2024, the implementing regulations, the provisions of the Federal Personnel Manual, and the decisions of the Merit Systems Protection Board in Moore and Britton. See 5 U.S.C. Sec. 7703(c) (1988).
 
 IV
 CONCLUSION
 
 19
 The decision of the MSPB is reversed and the case is remanded with the following instructions to the Navy: within 30 days after the final decision in this case, the Navy shall offer petitioner retroactive restoration to his former position or an equivalent position for which he is qualified in the shipyard. If no such position is available in the shipyard or the commuting area of the shipyard, the Navy must then offer him an equivalent position for which he is qualified at any other Navy facility.
 
 
 20
 For the reasons stated above, we conclude that petitioner's removal was an "unjustified and unwarranted personnel action." Therefore, Mr. Evans is entitled to recover back pay and benefits from the date of his removal to the date of his retroactive restoration. See 5 U.S.C. Sec. 5596(b) (1988); 5 C.F.R. Sec. 550.805 (1993); Robinson v. Department of the Army, 21 M.S.P.R. 270 (1984).
 
 COSTS
 
 21
 Costs are awarded to Mr. Evans.
 
 
 22
 RADER, Circuit Judge, concurs in the result.
 
 
 23
 MAYER, Circuit Judge, with whom COWEN, Senior Circuit Judge, joins, concurring.
 
 
 24
 I join the court's opinion and write only to add that I also find merit in Evans' argument that the board erred in determining that the Navy could reasonably refuse to abide by the settlement agreement after one year. This may matter if, indeed, he is fit for duty or the Navy's search turns up no other slots he can fill.
 
 
 25
 The settlement agreement is a contract, entered into by the Navy and Evans under the supervision of the board. It stated that Evans' placement on enforced leave "will continue until he demonstrates that he is fit for duty." By this language the parties agreed that his enforced leave would continue until he provided the documentation necessary to show that he could return to his position. The government's assertion that the settlement agreement is silent with regard to the duration of performance is belied by its language.
 
 
 26
 If it becomes necessary to define a reasonable amount of time for performance of the agreement, it will be important to take into account the positions of the parties at the time they entered into the agreement. Absent any showing by the Navy that its circumstances have changed, such as a reduction in force or some other event that would alter the Navy's ability to place Evans in his prior position, the agreement remains in force. Until its position changes, it can hardly be more burdensome for the Navy to be bound by the agreement than it was on the day it was executed. The mere passage of time is not sufficient to terminate the agreement. Consequently, if Mr. Evans had not been illegally terminated on April 20, 1992, the settlement agreement would have remained in force "until he demonstrates that he is fit for duty."
 
 
 27
 Finally, I am troubled by the board's finding that the evidence of record did not support Evans' contention that he was fit to return to work. He submitted two letters from physicians, including one from a physician at the medical clinic where he was treated which said: "Reviewing his medical file with us, I see no significant pathology or medical reason preventing him from returning to his regular job as an electrician and, barring unexpected new developments, he should be ready to resume his regular duties as such as of August 1992." I fail to see why this document is "totally inadequate" as found by the board. The settlement agreement provided that "[w]hen the appellant presents medical evidence from his own physician that he is fit for duty, the enforced leave will terminate." The exact nature of this evidence was not specified. The government suggests that such evidence must "unequivocally" state that Evans was fit to return to duty. In the event that Evans' medical documentation did not suffice, he should have been told why not and given the opportunity to cure any defect as long as the agreement remained in effect. If, as we are told in these papers, Evans reported for duty on 4 August 1992, and was fit to perform, the board should order his reinstatement with back pay as of that date.
 
 
 
 [1]
 Section 2024(d) has been renumbered and transferred to 38 U.S.C.A. Sec. 4304(d) (West Supp.1993) pursuant to the Act of October 29, 1992, Pub.L. No. 102-568, Sec. 506(a), 106 Stat. 4340, 4341